IN THE UNITED STATES DISTRICT COURT OF DELAWARE

ANTHONY PORTERFIELD,                    :    CIVIL ACTION
      Plaintiff                         :
                                        :    No. _____ 0 7 - 1 4 7 -
      v.                                :
                                        :
CORRECTIONAL MEDICAL                    :
SERVICES (CMS), et al.,                 :
      Defendants                        :    JURY TRIAL DEMANDED


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

FILED

MAR 1 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Statement of the Case

This is a Civil Rights Action filed under 42 U.S.C. by a state prisoner and asserting claims for denial of medical care, inadequate medical care, failure to diagnose, deliberate indifference and Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution. Plaintiff also alleges the tort of negligence. Plaintiff seeks damages as to all claims as set forth in his complaint.


## Statement of Facts

The Complaint alleges that Plaintiff's finger was broken by a Corrections Officer, when Plaintiff sought medical attention he was denied any care. Finally, x-rays were taken and the x-ray tech stated that they were normal. Several days later Plaintiff was diagnoses as having a broken finger as he had been saying. Plaintiff then received inadequate medical care and ultimately his finger had to be amputated due to Defendants Actions all of which violate the United States Constitution.

**ARGUMENT**

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent
litigant, the Court should consider "the factual complexity of
the case, the ability of the indigent to investigate the facts,
the existence of conflicting testimony, the ability of the
indigent litigant to present his claim and the complexity of the
legal issues." **Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir.
1991, cert denied, 112 S.Ct 1995 (1992).** In addition, courts
have suggested that the most important factor is whether the case
appears to have merit. **Cooper v. A. Sargenti Co., Inc., 877 F.2d
170, 173 (2d Cir. 1989).** Each of these factors weigh heavily in
favor of appointing counsel in this case.

1.    Factual Complexity.    Plaintiff alleges that a
Corrections Officer broken his finger intentionally. Plaintiff
also asserts that certain medical staff and prison staff where
deliberately indifferent to Plaintiff's medical needs forcing
Plaintiff to live in pain for more than a year and a half and to
ultimately have to have his finger amputated. The sheer number
of claims and Defendants makes this a factually complex case.

In addition, Plaintiff's claims involve denial of medical
care and several other medical related claims that will probably

-2-

care and several other medical related claims that will probably
be necessary to present a medical expert witness of cross-examine
medical witnesses called by the Defendants, or both. The
presence of medical or other issues requiring expert testimony
supports the appointment of counsel. <u>Moore v. Mabus</u>, 976 F.2d
268, 272 (5th Cir. 1992); <u>Jackson v. County of McLean</u>, 953 F.2d
1070, 1073 (7th Cir. 1992); <u>Tucker v. Randall</u>, 948 F.2d 388, 392
(7th Cir. 1991).

2.  <u>Plaintiff's ability to investigate</u>. The Plaintiff is
now incarcerated in another state and has no ability to
investigate the facts. For Example, Plaintiff is unable to
identify, locate and interview the individuals involved in this
case. Several Courts have cited a transfer to another
institution as a factor in appointing counsel. <u>Tucker v.
Randall</u>, 948 F.2d 388, 391-92 (7th Cir. 1991); <u>Gatson v.
Coughlin</u>, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); <u>Armstrong v.
Snyder</u>, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In this Plaintiff
was no just transferred to another institution but to another
state which even further supports the appointment of counsel. In
addition, this case will require considerable discovery
concerning witnesses, officer's reports and statements concerning
Plaintiff's medical history and the necessity of expert witness
testimony. <u>Tucker v. Dickey</u>, 613 F.Supp 1124, 1133-34 (W.D. Wis.
1985) (need for discovery supported appointment of counsel).

3.  <u>Conflicting Testimony</u>. The Plaintiff's account of what

occurred is expected to be squarely in conflict with statements of the Defendants which Plaintiff does not expect to admit to there wrong doing.    This aspect of the case will likely be a credibility contest between the Defendants and the Plaintiff. The existence of these credibility issues support the appointment of counsel.    **Gatson v. Coughlin**, 679 F.Supp 270, 275 (W.D.N.Y. 1988).

    4.    Ability of the indigent to present his claim.    Plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. **Whisenant v. Yuam**, 739 F.2d 160, 163 (4th Cir. 1984).    In addition, Plaintiff has limited access to the law library of 1 hour per day.    **Rayes v. Johnson**, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

    5.    Legal Complexity.    The large number of Defendants, some of whom are correctional personnel and other who are medical personnel, presents complex legal issues of determining which Defendant should be held liable for the personal involvment in the many violations of Plaintiff's Constitutional Rights.    In addition, the Plaintiff as lodged his demand for a jury trial, which requires much greater legal skill than the Plaintiff has or can develop. **Abdullah v. Gunter**, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert denied, 112 S.Ct 1995 (1992).

6. <u>Merit of the Case</u>. Plaintiff's allegations, if proved, clearly establish several constitutional violations. On its face, then, this is a meritorious case.

## CONCLUSION

For any and/or all of the foregoing reasons, Plaintiff humbly moves this Honorable Court to grant Plaintiff's Motion and Appoint Counsel in this case.

Respectfully Submitted,

Date: P March 2007

Anthony Porterfield
AM-5025
SCI-Retreat
660 State Route 11
Hunlock Creek, P.A. 18621-3136

-5-

IN THE UNITED STATES DISTRICT COURT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY PORTERFIELD, | : | CIVIL ACTION |
| Plaintiff | : | $:$ 0 7 - 1 4 7 - |
| | : | No. _____ |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES (CMS), et al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |


### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
### MOTION FOR APPOINTMENT OF COUNSEL


State of Pennsylvania

ss:

County of Luzerne



**ANTHONY PORTERFIELD,** being duly sworn, deposes and says:


1.    I am the Plaintiff in the above captioned matter.    I
make this affidavit in support of my Motion for Appointment of
Counsel.


2.    The Complaint in this case alleges that Plaintiff was
subjected to Cruel and Unusual Punishment be a correctional
officer, who slammed Plaintiff's finger in the tray slot of a
cell door, laughed and walked away. This broke Plaintiff finger
and medical staff and prison staff that Plaintiff complained to
refused to assist Plaintiff and when the finally did they
provided wholly inadequate medical care which ultimately caused

Plaintiff's finger to be amputated.

3.    This is a complex case because it contains several different legal claims.

4.    The case involves medical issues that may require expert testimony.

5.    The Plaintiff has demanded a Jury Trial.

6.    The case will require discovery of documents and depositions of a number of witnesses.

7.    The testimony will be in sharp conflict, since the Plaintiff alleges that a correctional officer basically assaulted him, and that medical and prison staff refused to correct the problem causing the Plaintiff to lose his finger.

8.    The Plaintiff has no legal education.

9.    Plaintiff is serving a prison sentence in another state and has limited access to delaware legal materials.

10.    Plaintiff cannot properly investigated and gather necessary information when he is incarcerated (especially in another state).

-2-

11.   As set forth in the Memorandum of Law submitted with this Motion, these facts, along with the legal merit of Plaintiff's claims, support the appointment of counsel to represent the Plaintiff.

**WHEREFORE,** Plaintiff moves this Honorable Court to grant Plaintiff's Motion and appoint counsel to represent him.

Anthony Porterfield
AM-5025
SCI-Retreat
660 State Route 11
Hunlock Creek, P.A. 18621-3136

Sworn to before me this
_____8_____ day of __March_____ , _2007_

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN MANCE, NOTARY PUBLIC
NEWPORT TOWNSHIP LUZERNE COUNTY
MY COMMISSION EXPIRES FEB. 23, 2008.

-3-