**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY PORTERFIELD, | : | CIVIL ACTION NO.: 07-147-SLR |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL SERVICES | : | |
| (CMS), et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.("CMS"), TO PLAINTIFF'S AMENDED COMPLAINT**

1.     Denied as a conclusion of law to which no response is required.

2.     Defendant, CMS, is without information or knowledge sufficient to enable it to admit the truth of the averments in paragraph 2 of plaintiff's Amended Complaint..

3.     Denied.

4.     Admitted that Dr. Dale Rodgers is a medical physician who was employed at certain times by CMS at the Delaware Correctional Center.  The remaining averments in paragraph 4 of plaintiff's Amended Complaint are denied.

5.     Admitted that Dr. Durst is a medical physician who was employed at certain times by CMS at the Delaware Correctional Center.  The remaining averments in paragraph 5 of plaintiff's Amended Complaint are denied.

6.     Admitted that Gail Eller is a nurse who was employed by CMS at certain times at the Delaware Correctional Center.  The remaining averments in paragraph 6 of plaintiff's Amended Complaint are denied.

7.      Denied.

8.      Defendant, CMS, is without information or knowledge sufficient to enable to it to admit the truth of the averments in paragraph 8 of plaintiff's Amended Complaint.

9.      Denied.

10.     Defendant, CMS, is without information or knowledge sufficient to enable to it to admit the truth of the averments in paragraph 10 of plaintiff's Amended Complaint.

11.     Defendant, CMS is without information of knowledge sufficient to enable it to admit the truth of the averments in paragraph 11 of plaintiff's Amended Complaint.

12.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

13.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

14.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

15.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

16.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

17.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

18.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

19.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

20.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

21.    Defendant, CMS, is without information of knowledge sufficient to enable it to admit the truth of the averments in paragraph 21 of plaintiff's Amended Complaint.

22.    Defendant, CMS, is without information of knowledge sufficient to enable it to admit the truth of the averments in paragraph 22 of plaintiff's Amended Complaint.

23.    Defendant, CMS, is without information of knowledge sufficient to enable it to admit the truth of the averments in paragraph 23 of plaintiff's Amended Complaint.

24.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

25.     Defendant, CMS, is without information of knowledge sufficient to enable it to admit the truth of the averments in paragraph 25 of plaintiff's Amended Complaint.

26.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

27.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

28.     Admitted solely to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.

29.     Admitted solely to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.

30.     Admitted solely to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied by CMS.

31.     Admitted solely to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied by CMS.

32.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

33.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

34.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

35.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

36.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

37.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

38.    Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

39.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

40.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

41.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

42.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

43.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

44.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

45.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery. Allegations of wrongdoing, whether expressed or implied, are denied.

46.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

47.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

48.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

49.     Denied, except to the extent that the allegations in this paragraph are proven by relevant medical records and/or discovery.  Allegations of wrongdoing, whether expressed or implied, are denied.

50.     Denied.

**FIRST CAUSE OF ACTION**
**EXCESS FORCE**
**(PORTERFIELD V. KNEUPP)**

51.     Defendant, CMS, incorporates herein by reference paragraphs 1 through 50 above inclusive as though the same were set forth at length.

52.– 64.     The averments in paragraphs 52 through 64 inclusive of plaintiff's Amended Complaint are directed to parties other than defendant, CMS, and no response thereto on its part is required.  By way further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of CMS or any of its alleged employees, those allegations are denied.

### SECOND CAUSE OF ACTION
### DENIAL OF MEDICAL TREATMENT
### (PORTERFIELD V. DOCTOR RODGERS, DOCTOR DURST, ELLER, MEGGETT, ROE)

52.     Defendant, CMS, incorporates herein by reference paragraphs 1 through 64 above inclusive as though the same were set forth at length.

66.– 77.     The averments in paragraphs 66 through 77 inclusive of plaintiff's Amended Complaint are directed to parties other than defendant, CMS, and no response thereto on its part is required.  By way further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of CMS or any of its alleged employees, those allegations are denied.

### THIRD CAUSE OF ACTION
### MONELL CLAIMS
### (PORTERFIELD V. CORRECTIONAL MEDICAL SERVICES)

78.     Defendant, CMS, incorporates herein by reference paragraphs 1 through 77 above inclusive as though the same were set forth at length.

79.     Denied.  By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

80.     Denied.  By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

81(a). – 81(d). Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

82(a) – 82(e). Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

83(a). – 83(c). Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

84.     Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

85.     Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

86.     Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

87.     Denied. By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

88.     Denied.  By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

## PUNITIVE DAMAGES

89.     Defendant, CMS, incorporates herein by reference paragraphs 1 through 88 above inclusive as though the same were set forth at length.

90.     Denied as to defendant, CMS.  By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

91.     Denied as to defendant, CMS.   By way of further response, however, to the extent that plaintiff purports to allege any wrongful conduct on the part of any alleged employees of defendant, CMS, those allegations are denied.

## JURY DEMAND

92.     No response is required to this averment by defendant, CMS.

        **WHEREFORE,** defendant, Correctional Medical Services, Inc., denies that plaintiff is entitled to compensatory damages, punitive damages, a declaratory judgment of any kind, attorneys fees or costs or any further relief, demands that plaintiff's Amended Complaint against it be dismissed with prejudice and demands that judgment be entered in favor of defendant, Correctional Medical Services, Inc., and against plaintiff, together with reasonable attorneys fees and costs.

## FIRST AFFIRMATIVE DEFENSE

        Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any civil or constitutional rights or protection by Answering Defendant, Correctional Medical Services, Inc.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc. at all times material to plaintiff's Amended Complaint acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc.  at all times material to plaintiff's Amended Complaint was not in violation of plaintiff's rights under the United States Constitution, Delaware Constitution or the laws of the United States or the laws of the State of Delaware.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., was not deliberately indifferent to any of plaintiff's alleged serious medical needs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not rise to the level of deprivation of civil or constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., did not recklessly, maliciously, willfully, or intentionally commit any wrongful acts or omissions causing injury to the plaintiff and, in the absence of such conduct, there can be no liability on the part of Answering Defendant on the facts of this case.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff received appropriate and competent medical care and treatment during his period of incarceration from Answering Defendant, Correctional Medical Services, Inc.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., is entitled to the defense of good faith immunity.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc. is otherwise entitled to the defense of immunity and/or qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., is not responsible for persons, events, circumstances or conditions reasonably beyond its control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions contained in the United States Civil Rights Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies, including but limited to remedies pursuant to 42 U.S.C. § 1997a(e).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may otherwise be barred by 28 U.S.C.A § 1915

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or reduced by the plaintiff's own contributory or comparative negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation and/or statutorily mandated administrative time limitation period.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged conditions did not constitute a serious medical need.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the mandates of 18 Del. C. § 6853.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., had no policy or custom demonstrating deliberate indifference to plaintiff's alleged serious medical need.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant, Correctional Medical Services, Inc., had no personal involvement in any alleged wrong.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As to any claims sounding in state law, Answering Defendant, Correctional Medical Services, Inc., is immune from liability under the State Tort Claims Act, 10 Del. C. §4001, *et seq.*

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The doctrine of respondeat superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983 against Answering Defendant, Correctional Medical Services, Inc.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by Answering Defendant, Correctional Medical Services, Inc.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Insufficiency of process and/or service of process.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Lack of jurisdiction over the person and subject matter.

**WHEREFORE**, defendant, Correctional Medical Services, Inc., demands that plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in favor of defendant, Correctional Medical Services, Inc., and against plaintiff, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Correctional Medical Services, Inc.

Dated: October 18, 2007

15/538298.v1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY PORTERFIELD, | : | CIVIL ACTION NO.: 07-147-SLR |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| CORRECTIONAL MEDICAL SERVICES | : | |
| (CMS), et al., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, KEVIN J. CONNORS, hereby certify that the ANSWER WITH AFFIRMATIVE

DEFENSES OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO

PLAINTIFF'S AMENDED COMPLAINT  has been served on October 18, 2007 via electronic

filing  and U. S. Mail upon all counsel of record listed below:

Michael Pileggi, Esquire
437 Chestnut Street, Suite 905
Philadelphia, PA 19106

Edward J. Fornias, III, Esquire
Roeberg, Moore & Friedman, P.A.
910 Gilpin Avenue
Wilmington, DE 19806

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Correctional Medical Services, Inc.

Dated:  October 18, 2007
15/538323.v1